AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the
## district of colorado

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 12 2024**

JEFFREY P. COLWELL
CLERK

Anderson Jose coutinho SILVA
_Petitioner_

v.

A. ciolli WARDen
_Respondent_
(name of warden or authorized person having custody of petitioner)

Case No. 1:24-CV-02012-SBP
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Anderson Jose coutinho SILVA
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: Penitentiary Administrative maximum facility
   (b) Address: florence ADMAX, U.S. Penitentiary P.O. Box 8500-~~8500~~, florence, co 81226
   (c) Your identification number: 64654-066

3. Are you currently being held on orders by:
   ☑ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: Judge Gene E.R. Pratter 10613 united States courthouse, 601 market ST, Philadelphia, PA 19106
      (b) Docket number of criminal case: 10-02-01
      (c) Date of sentencing: 07-25-2011
   ☑ Being held on an immigration charge
   ☐ Other (explain):

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, "calculated," or "credited by prison" or parole authorities (for example, revocation or **calculation of good time credits**)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _correct Good Time credits restored, district of colorado_
   (b) Docket number, case number, or opinion number: _3_
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   _correct time credits restored procedures for implementation of 18 U.S.C. § 3632 (d)(4) under 28 U.S.C.S. § 2241._
   (d) Date of the decision or action: _____

   **Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes   ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _Jacqueline C. Romero Robert A. Zauzmer, Assistant United States Attorney_
       (2) Date of filing: _April 1, 2024_
       (3) Docket number, case number, or opinion number: _10-02-01_
       (4) Result: _denied, filed in the wrong circuit_
       (5) Date of result: _____
       (6) Issues raised: _correct Good time credits restored of FSA time credits under this subpart may have part or all full 365 days of the FSA time credits restored to him on a case by case basis, after clear conduct behavior._

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☑ Yes   ■

Page 3 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: **Magistrate Judge Richard T. Gurley, district of Colorado.**

    (2) Date of filing: **7-23-2024 at 5:09 P.M MDT**

    (3) Docket number, case number, or opinion number: **1:24-CV-02012-SBP**

    (4) Result: **N/A**

    (5) Date of result: **N/A**

    (6) Issues raised: **correct Good time credits restored of FSA time credits under this subpart may have part or all full 365 days of the FSA time credits restored to him on a case by case basis, after clear conduct behavior.**

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes   ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: **N/A**

    (2) Date of filing: **N/A**

    (3) Docket number, case number, or opinion number: **N/A**

    (4) Result: **N/A**

    (5) Date of result: **N/A**

    (6) Issues raised: **N/A**

(b) If you answered "No," explain why you did not file a third appeal: **N/A**

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes   ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes   ☐ No

If "Yes," provide:
(1) Name of court: clerk court for the eastern district of Pennsylvania
(2) Case number: 2-10-CR-00002-001
(3) Date of filing: 03-31-2016
(4) Result: denied
(5) Date of result: 11-02-2023
(6) Issues raised: § 924(C) does not qualify as a crime of violence.

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☑ Yes        ☐ No

If "Yes," provide:
(1) Name of court: court of appeals for the third circuit
(2) Case number: 24-1006
(3) Date of filing: 05-01-2024
(4) Result: denied
(5) Date of result: november 02-24
(6) Issues raised: 924(C) does not qualify as a crime of violence.

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Said third circuit court 924(C) it's qualify as crime of violence.

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes        ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody: NO
(b) Date of the removal or reinstatement order: NO
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes        ☑ No

If "Yes," provide:
(1) Date of filing: N/A
(2) Case number: N/A
(3) Result: N/A
(4) Date of result: N/A
(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes  ☒ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes  ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Petitioner filed a 28 U.S.C. § 2241 Petition writ of FSA Time credits, alleging that his confinement at an Administrative maximum Prison violated his fifth and eighth Amendment →

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND TWO:** Said Petitioner he filed all Administrativ remed Appeal BP-08, BP-09, BP-10, BP-11 and Appeal to the Attorney General, remed ID is 1181672-A3

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes    ☐ No

**GROUND THREE:** A. Ciolli Warden and unit team continually depriving refusing to restoration his good time credits said Petitioner not ineligible due to hes conviction for 924(c)(1) →

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No

**GROUND FOUR:** Said Petitioner if the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632 (d)(4)(D) the inmate is not eligible to earn FSA Good time credits.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☑ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: For all the reasons stated Petitioner respectfully asks this court to granted his 2241 motion and list this matter for a new Good time credits and to be correct.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 8-7-2024

*Signature of Petitioner* [signed: Anderson]

_____
*Signature of Attorney or other authorized person, if any*

## "Continually Page Ground One"

rights and also an extradition treaty. Said Petitioner doing to restoration of FSA Good time credits under this subpart may have part or all full 365 days of the FSA Good time credits restored to him on a case by case basis. After clear conduct behavior clear conduct (Behavior clear of inmate disciplinary infractions under CFR part 541) for two consecutive risk and needs assessments conducted by the Bureau. Additionally,

Inmates with high or medium pattern maintaining clear conduct for at least three years, said Petitioner Coutinho Silva he have 9 years clear condct, and successfully completing at least one of the Bureaus residential EBRR programs recommended based on an identified need area with in the past five years. Said Petitioner Coutinho Silva he have 68 successfully programs completing within the past 11 years. So said Petitioner he is qualify for the restoration of FSA Good time credits.

## "Continually Page Ground Three"

using a firearm during and in relation to a crime of violence. Said Petitioner he is eligible to earn FSA Good time credits. An inmate who is eligible to earn FSA Good time credits is an eligible inmate for the purposes of this subpart said Petitioner any inmate sentenced to a term of imprisonment pursuant to conviction for a federal criminal offense or any person in the custody of the Bureau, it is eligible to earn FSA Good time credits. Subject to the exception described in paragraph (d)(2) of this section.

*Ground Two in All Appeals*
*BP-11*

```
ANDERSON JOSE COUTINHO-SILVA, 64654-066
FLORENCE ADMAX USP    UNT: F    QTR: F02-201L
PO BOX 8500
FLORENCE,   CO 81226
```

RECEIVED
JUN 12 2024
ADX Warden's Office

**DELIVERED JUN 1 4 2024**

U.S. Department of Justice   **BP-11**   **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

GROUND TWO in All APPEALS

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Coutinho SILVA       64654-066    F    ADMAX
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I Am filed this complaint doing to Restoration OF FSA TIME Credits under THIS SUBPART MAY HAVE PART OR ALL FULL 365 days OF the FSA TIME Credits restored to him on A CASE BY-CASE BASIS. AFTER CLEAR conduct BEHAVIOR CLEAR Conduct (BEHAVIOR CLEAR OF INMATE disCIPLINARY enfrctions under 28 CFR PART 541) FOR TWO Consecutive Resk AND NEEDS ASSessments Conducted By the Bureau. Addionally with high or Medium Pattern MAINTAINING CLEAR CONDUCT FOR AT LEAST three years. WITH I SILVA have 4 years CLEAR Conduc SUCCessFULLY completing At Least one of the Bureau's Residential EBRR PROGRAMS Recommended BASed on an Identifid Need AreA WITHin the PAST. FIVE years I HAVE 2 SUCCESSFULLY PROGRAMS Completing Within the PAST 2 years. SO I'M QualIFY FOR the RESTORATION OF FSA TIME Credits. I Request ALL MY TIME 365 DAYS Credits to be Restoration FOR the PASS 14 years under the FSA TIME CREDIS.

2/12/2024
DATE                                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED APR 2 4 2024 Administrative Remedies Federal Bureau of Prisons

RECEIVED MAR 0 5 2024 Administrative Remedies Federal Bureau of Prisons

RECEIVED MAY 3 0 2024 Administrative Remedies Federal Bureau of Prisons

DELIVERED AUG 2 4 2023

_____                                     _____
DATE                                                GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 1181672-A3

**Part C - RECEIPT**
                                                    CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                                     _____
DATE                                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

*Ground Two BP-11 in All Appeals*

**Administrative Remedy No. 1181672-A3**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you request to be eligible to earn and apply Federal Time Credits (FTC) under the First Step Act (FSA). Specifically, you claim you have maintained clear conduct for approximately three years and should therefore qualify for FSA eligibility. For relief, you request application of FTC and adjustment of your current sentence.

We have reviewed documentation relevant to your appeal and, based on the information gathered, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal. As such, our succeeding review reveals no reason to elaborate further with similar conclusions as those which have already been provided in the previous levels of this appeal. Review of your Judgement and Commitment order (J&C) shows you were convicted under 18 U.S.C. § 924(c)(1), Using a Firearm During and in Relation to a Crime of Violence. 18 U.S.C. § 924(c)(1) is a precluding offense under the First Step Act; therefore, you are not eligible to earn Federal Time Credits under the First Step Act.

Accordingly, your appeal is denied.

_June 04, 2024_
Date

_T. Barnett_
Timothy Barnett, Administrator
National Inmate Appeals

**DELIVERED JUN 1 4 2024**

Attachments BP-230(13) BP-11

Said Coutinho Silva he is eligible to earn FSA time credits. An inmate who is eligible to earn FSA time credits is an eligible inmate for the purposes of this subpart. Any inmate sentenced to a term of imprisonment pursuant to a conviction for a federal criminal offense or any person in the custody of the Bureau is eligible to earn FSA time credits, subject to the exception described in paragraph (d)(2) of this section. (2) Exception. If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA time credits.

2/12/2024                 [signature]
                    Signature of Requester

*Ground Two in All Appeals*



**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex Florence
☒ *Administrative Maximum Security Institution*
☐ *High Security Institution*
☐ *Medium Security Institution*
☐ *Minimum Security Institution*

Office of the Warden

5880 State Highway 67 South
P.O. Box 8500
Florence, CO 81226

July 22, 2024

Anderson Jose Coutinho-Silva, Reg. No. 64654-066
United States Penitentiary - Administrative Maximum
P.O. Box 8500
Florence, CO 81226

Dear inmate Coutinho-Silva,

This is in response to your correspondence, dated June 18, 2024, to the United States Department of Justice, Office of the Attorney General. Your letter was forwarded to this office for response. In your correspondence, you request to be eligible for First Step Act (FSA) Federal Time Credits (FTC) and to receive restoration of your Good Conduct Time due to clear conduct.

Regarding your eligibility for FTCs, you are ineligible due to your conviction for 18:924(c)(1), Using a Firearm During and in Relation to a Crime of Violence. Additionally, due to your ineligibility status, you are unable to have FTCs restored.

I trust this information addresses your concerns.

Sincerely,

(*for*) E. Williams
M. Starr
Acting Complex Warden

## "Continually Page Ground Four"

Said Petitioner he filed 2241 motion in the wrong circuit on April 2, 2024 challenging the Bureau of Prisons' assessment of Good time credits purportedly due to him under the First Step Act. Look on the Government's response. The Governments never said on the response Petitioner he is not ineligible for the Good time credits. If Petitioner not qualify for the Good time credits under the First Step Act. The Government's would said on the response.

Said Petitioner Anderson Jose Coutinho Silva he's sentencing hasnot Been lowered By the director of the Bureau of Prisons under the 28 U.S.C. 994(0) And Section 3553(A).

*Ground four in All Papers*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 10-02-01 |
| **JOSE COUTINHO-SILVA** | : | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2241

Defendant Jose Coutinho-Silva presented a motion for relief under 28 U.S.C. § 2241 (ECF 99, filed April 1, 2024), challenging the Bureau of Prisons' assessment of time credits purportedly due to him under the First Step Act. This Court lacks jurisdiction to consider the motion, which should be dismissed.

Coutinho-Silva is incarcerated at the high-security Admax prison in Florence, Colorado. He is serving a term of imprisonment of 207 months, and his minimum release date is September 25, 2025.

Title I of the First Step Act aims to reduce recidivism of federal inmates by providing access to "evidence-based recidivism reduction programs" and other "productive activities," and affords time credits that selected inmates who participate in such programs and activities may use to reduce time served in prison and receive other benefits. This program is administered by the Bureau of Prisons, subject to extensive restrictions in the statute and regulations issued by the Attorney General.

*Ground four in All Papers*

The sentencing court does not have authority to regulate this process. The defendant's sentence is final, and the Court does not presently have jurisdiction over the matter.

It is long settled that a federal prisoner may challenge the execution of his or her sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Such a motion must be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. *Callwood v. Enos*, 230 F.3d 627, 633-34 (3d Cir. 2000). The administrative remedy procedure for BOP inmates is set forth at 28 C.F.R. §§ 542.10 et seq., and allows for informal resolution, followed by an administrative remedy request to the warden, and appeals first to the Regional Director and then to the General Counsel of BOP if the inmate does not obtain relief.

These processes apply here. To the extent that BOP's actions regarding the time-credit program may be subject to review, the complaining inmate must first exhaust an administrative remedy, and then if unsatisfied, seek relief under 28 U.S.C. § 2241 in the district of confinement. *See, e.g., Hernandez v. Warden FPC-Lewisburg*, 2022 WL 452408 (M.D. Pa. Feb. 14, 2022). At present, Coutinho-Silva is confined in the District of Colorado.

*Ground four in All Papers* (handwritten)

For these reasons, the defendant's motion under 28 U.S.C. § 2241 should be dismissed.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

- 3 -

*Ground foul in All Papers*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

        Mr. Anderson Jose Coutinho-Silva
        Register No. 64654-066
        Florence ADMAX
        Box 8500
        Florence, CO 81226-8500

        */s Robert A. Zauzmer*
        ROBERT A. ZAUZMER
        Assistant United States Attorney

Dated: April 5, 2024.

## "NOTIFY"

Said Petitioner the institution ADmax refuse Petitioner Allow to PARticiPate of the Psychology services Programming stop him to earn Good time credits. On March 04-2024 Petitioner filed A administrativ remedy AGainst the ADmax Psychology services for not allow him to PARticiPate of the Program. Remedy ID is: 1193094-F1 And violated his fifth And Eighth Amendment. Said Petitioner is mentally ill for Being nim solitary confinement illegally for the PASS 22 years.

Anderson                    Date: 8-7-2024