# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 24-cv-02012-NYW

ANDERSON JOSE COUTINHO-SILVA,

    Applicant,

v.

  A.  CIOLLI, Warden,

    Respondent.

---

**RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 12)**

---

Pursuant to the Court's September 30, 2024, Order, ECF No. 12, Respondent provides this response explaining why Applicant Anderson Jose Coutinho-Silva's Amended Application for a Writ of Habeas Corpus, ECF No. 5 ("Application") should not be granted. Applicant challenges the application of First Step Act ("FSA") good time credits. Specifically, he seeks to have good time credits restored that he claims have been improperly denied based on a finding that he is ineligible to receive such credits due to his crime of conviction. But, as set forth below, Applicant's conviction for Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), renders him statutorily ineligible to earn any credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). As such, the Application should be denied.

1

## BACKGROUND

Applicant is a federal inmate incarcerated at the United States Penitentiary – Administrative Maximum in Florence, Colorado. On July 27, 2011, Applicant was sentenced in the United States District Court for the Eastern District of Pennsylvania to a 207-month term of imprisonment for robbery, using a firearm during and in relation to a crime of violence, and being an alien in possession of a firearm. *See United States v. Coutinho-Silva*, No. CR 10-002, 2023 WL 7222689, at *1 (E.D. Pa. Nov. 2, 2023); *see also* Judgment in a Criminal Case, *United States v. Coutinho-Silva*, No. CR 10-002 (E.D. Pa. Jul. 27, 2011), ECF No. 38.

On July 19, 2024, Applicant commenced this action by filing his original Application for Writ of Habeas Corpus. ECF No. 1. After the Court instructed him to cure deficiencies in his original application, Applicant filed the operative amended application on August 12, 2024.[1] ECF No. 5. In his amended application, Applicant contends that Respondent has improperly denied him good time credits. *See generally id.* Applicant appears to allege that the denial of good time credits is statutorily improper and also violates "his Fifth and Eighth Amendment rights and also an extradition treaty." *Id.* at 6, 9.

## ARGUMENT

The Application should be denied. Applicant is statutorily ineligible to earn any good time credits due to his crime of conviction, and he fails to state a claim under the Fifth or Eighth Amendments or that an unidentified "extradition treaty" is being violated.

---

[1] On October 15, 2024, Applicant moved to amend his application. ECF No. 16. Respondent responded to Applicant's motion indicating he does not oppose amendment. ECF No. 17. Respondent's request is still pending before the Court.

Applicant's conviction for Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii), renders him statutorily ineligible to earn any credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). The FSA, among other things, establishes a system allowing eligible inmates to earn time credits after participating in certain Evidence-Based Recidivism Reduction programming, which can then be applied toward prerelease custody or supervised release:

> (C) APPLICATION OF TIME CREDITS TOWARD PRERELEASE CUSTODY OR SUPERVISED RELEASE. – Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). However, Congress has determined that inmates with certain convictions are ineligible to receive any time credits under the FSA. The FSA, at 18 U.S.C. § 3632(d)(4)(D)(xxii), explains:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . .
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Applicant, who was convicted of Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is, therefore, statutorily ineligible to earn time credits under the FSA.

Given his ineligibility for good time credits, any Fifth Amendment claim fails. Applicant has no liberty interest in time credits for which he is ineligible. *See Swarthout*

3

*v. Cooke*, 562 U.S. 216, 219 (2011) (in analyzing a due process challenge, a court first asks "whether there exists a liberty or property interest of which a person has been deprived...."); *see also Cheng v. United States*, —— F. Supp. 3d ——, 2024 WL 1309016 (S.D.N.Y. Mar. 26, 2024) (inmate who was subject to an immigration order of removal had no legitimate expectation in the application of FSA time credits for which he was ineligible under § 3632(d)(4)(E)(i)); *Fischer v. Boncher*, —— F. Supp. 3d ——, 2024 WL 3625424 (D. Mass. Aug. 1, 2024) (inmate who was convicted of brandishing a firearm during a crime of violence was statutorily ineligible to receive FSA time credits, and therefore, he had no liberty interest in them). He therefore cannot plausibly allege any Fifth Amendment violation.

Similarly, to the extent Applicant is asserting an Eighth Amendment claim or a claim that the FSA credit denial violates "an extradition treaty," such claims also fail. The Application fails to explain how Applicant's Eighth Amendment rights are being violated other than conclusorily stating that "his confinement at an Administrative Maximum prison violate[s] his . . . Eighth Amendment rights." ECF No. 5 at 6, 9. This is not sufficient to state a claim. *See Ajaj v. United States*, 293 Fed. Appx. 575, 582–84 (10th Cir. 2008) (finding that the conditions of ADX do not violate the Eighth Amendment). The Application also fails to explain which extradition treaty is being violated or how. Thus, both claims, to the extent alleged in the Application, fail.

//

//

## CONCLUSION

As explained above, Applicant is statutorily ineligible for FSA good time credits. Accordingly, his Application seeking the restoration of good time credits must be denied.

Dated: October 30, 2024

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

*s/ Logan P. Brown*
Logan P. Brown
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
Logan.Brown@usdoj.gov

Counsel for Respondent

## CERTIFICATE OF SERVICE

  I certify that on October 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

Via mail:  Anderson Jose Coutinho-Silva
     #64654-066
     FLORENCE ADMAX
     U.S. PENITENTIARY
     Inmate Mail/Parcels
     PO BOX 8500
     FLORENCE, CO 81226

     Applicant

                *s/ Logan P. Brown*
                 Logan P. Brown