IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 24-cv-02012-NYW

ANDERSON JOSE COUTINHO-SILVA,

    Applicant,

v.

A. CIOLLI, Warden,

    Respondent.

**ORDER GRANTING MOTION TO FILE AMENDED HABEAS APPLICATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

    This matter is before the Court on Applicant's Prisoner Motion for Appointment of Counsel, [Doc. 15], and Motion for a Appoint Counsel,[1] [Doc. 16] (together, "Motions for Appointment of Counsel"). Additionally, Applicant requests leave to file an amended habeas application. *See* [Doc. 16]. Respondent does not oppose Applicant's request to file an amended habeas application and takes no position on the Motions for Appointment of Counsel. [Doc. 17]. Applicant filed a Reply. [Doc. 19].

    The Court respectfully **GRANTS** Applicant's request to file an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, for the reasons discussed below, the Court respectfully **DENIES** Applicant's Motions for Appointment of Counsel.

---

[1] Consistent with the principle of reading a pro se litigant's submissions liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will quote from Mr. Coutinho-Silva's filings without the use of [sic] or the correction of spelling or syntax.

## MOTIONS FOR APPOINTMENT OF COUNSEL

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Id.* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, Rule 6(a) provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

At this point, an evidentiary hearing is not warranted in this action and no discovery has been requested or authorized. Thus, Applicant is not entitled to appointment of counsel, and the Court exercises its discretion in considering the Motions for Appointment of Counsel. The Court is not persuaded, at this juncture, that appointment of counsel is necessary in the interests of justice. The factors to consider in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

2

It does not appear that the habeas claim regarding good time credits is particularly complex. Further, although Applicant states that he does not know how to speak English very well and needs help, *see* [Doc. 16 at 1], his pro se filings to date appear to set forth his claim and arguments reasonably well. The Court is sensitive to Applicant's alleged language challenges; however, it does not appear that he lacks the ability to argue the merits of his habeas claim. Therefore, the Court denies Applicant's Motions for Appointment of Counsel.

## CONCLUSION

Accordingly, it is **ORDERED** that

(1) Applicant's Motions for Appointment of Counsel, [Doc. 15; Doc. 16], are **DENIED without prejudice**;

(2) Applicant's request for leave to file an amended habeas application, [Doc. 16], is **GRANTED**;

(3) Applicant shall have **thirty days from the date of this Order to file an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241**;

(4) Applicant shall file his amended habeas application on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, which can be found, along with the applicable instructions, at www.cod.uscourts.gov;

(5) Respondent shall have **thirty (30) days from the date** Applicant files an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to show cause why the application for a writ of habeas corpus should not be granted; and

(6) **Within thirty (30) days from the date** Respondent files a show cause response, Applicant may file a Reply.

DATED: November 4, 2024         BY THE COURT:

_____
NINA Y. WANG
United States District Judge