AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2024

JEFFREY P. COLWELL
CLERK

)
)
)
Anderson Jose coutinho silva )
_____Petitioner_____ )
)
v. )      Case No. 24-CV-02012-NYW
)               (Supplied by Clerk of Court)
)
)
A. ciolli WARden )
_____Respondent_____
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Anderson Jose coutinho silva
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution: ADmAX facilty
    (b) Address: us PenitentiARy mAX, P.o. BoX 8500 florence, co, 81226
    (c) Your identification number: 6A654-066

3.  Are you currently being held on orders by:
    ☑ Federal authorities     ☐ State authorities     ☐ Other - explain: _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: United STATes district court for the estern district of PennsylvAniA
    (b) Docket number of criminal case: 10-02-01
    (c) Date of sentencing: 07-25-2011
    ☑ Being held on an immigration charge
    ☐ Other (explain): _____
    _____
    _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

APPLicant filed A 28 u.s.c.s. § 2241 APPLicant writ of FSA time credits. Alleqeng that confinement At an administrative maximum Prison violAted his fifth And eighth Amendment rights And Also an extradition treaty.

sAid APPLicant doing to restoration of FSA Good time credits under this subPart may have PArt or All full 365 days of the FSA Good time credits restored to him on A case buy case basis.

"After cleAR conduct behavior"
cler conduct (Behavior cleAR of inmate disciPlinary infactions under 28 cFR PArt 541) for twoconsecutive risk And needs Assessments conducted Buy the BureAu. AddionAlly,

InmATES with high or medium Pattern mAintAing cleAR conduct for At leAst "three yeARs". sAid APPLicant coutinho silvA he have "5 yeARs Good time cleAR condct. "And inmates who successfully comPleting At leAst one of the BureAus residential EBRR ProGrams reccommended bAsed on An identified need AreA with in the PAst "five yeArs". SAID APPLicant he have 68 successfully ProGrams comPleting within the Passt 12 yeARs. "Said APLicant 19 months AGo when

(2)

he WAS on K-A unit Prerelease "HE Witnesses "2" inmates Been "EARLY" release one White inmate And the otherone WAS from mexico". the White inmate have the same case APlicant have using a firearm during and in relation to a crime of violence §924(C)(1)(A). AND the mexico he WAS Alien, SO there is no such thing inmates charge with §924(C) on Alien from other country renders him statutorily ineligible to earn any Good time credits unde the FSA. SO said APlicant he is quality for the restoration of FSA Good time credits. said APlicant he filed All Administrativ Remed Appeal BP-08, BP-09, BP-10, BP-11 And Appeal to the Attorney General, remed ID is 1181672-A3. and the A. ciolli WARDEN and my unit team continually depriving refusing to restoration his Good time credits. said APlicant to be eligible to earn FSA Good time credits is an eligble inmate for the Purposes of this subPart, sied APlicant Any inmate sentenced to a term of imprisonment Pursuant to conviction for a federal criminal offense or any Person in the custody of the Bureau, it is eligible to earn FSA Good time credits.

(3)

subject to the exception described in
PARAGRAPh (d) (2) of this Section.

Said APPLicANt if the inmate is serving
A term of imprisonment for An offense
specified in 18 U.S.C. 3632 (d)(4)(D).
the inmate is not eligible to earn FSA
Good time credits.

Said APPLicANt he Going to Attached the
first steP Act of 2018 time credits:
Procedures for implementation of 18 U.S.C
§ 3632 (d)(4) As a Proof he is QUALIFY for
the Restoration of FSA Good time credits
Look At the All highlight AREA.

for All the inmates who meet the following
criteria uP to 365 days of earned FTcs
will be Automatically APPLied to early
release. Said APPLicANt he been held in
BOP custody over 2 years PAST of he's
StatutoR release date. in violAtion of
Sec. 202 of the first steP Act. And
the due Process clause.    AnD

Said APPLicANt the institution ADMAX
Refuse APPLicANt Allow To PARticiPAte of
the Psychology services Programming STOP
(4)

him to earn Good time credits And
Violated his fifth And eighth Amendment
said Applicant he filed A Administrative
remedy AGAinst the A9max Psychology
services for not Allow him to Participate
of the Program, remedy ID is: 1193094-F1

SAID APPlicant he been holdings
illegally At the Penitentiary maximum
Prison Violated his fifth And Eighth Amendment
rights And Also an extradition treaty. for the
PAst over 2 years. After he finishing the
A9max Program And SAID APPlicant
he WAS "SEXUAL ASSAULTED 2 Times
At the A9max facility And he is Sexual
hares Buy the staff everyday." AN9 he
Been denied to Be Provide with a Proper
medical Assent. And he have All documents
date And events. AN9 this Habeas corpus
review is Available under 28 u.s.c.s.§2241
if An individual is in custody in viotion of the
constitution on laws treaties of the united
states 28 u.s.c.s. §2241(c)(3). the fundametal
Purpose of a 28 u.s.c.s. 2241 habeas
Proceeding is to Allow a Person in custody to
Attach the legality of that custody. And
the traditional function of the writ is to
secure releas from illegal custody.

(5)

though the u.s. supreme court has not set the precise boundaries of habeas actions. it has distinguished between habeas actions and those challenging condition of confinement. in the tenth circuit a prisoner who challenges the fact of duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. in contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. it is well-settled law that prisoners who wish challenge only the conditions of their confinement must do so through civil rights lawsuits not though federal habeas proceedings.        SAID APPLICANT he have 9 months to finish his sentenced and he request by a federal prisone for a change in the place of confinement is construed as a challenge to the condition of confinent and, thus, must be brought pursuant to Bivens. A claim was properly raised under 28 u.s.c. s.§ 224 when it challenges the fact or duration of custody in a particular state.

(6)

in August 12, 2024 coutinho silva filed a Petition for writ of habeas corpus Pursuant to 28 u.s.c. § 2241. 1 he alleged his confinement at ADX violates his fifth and Eighth Amendment rights and the "restoration of good time credits after clear conduct behavior". and been holdings illegally at the ADX. His fifth Amendment claim included both Procedural and substantive due Process challenges to his confinement at ADX. He alleged he was transferred to ADX without Adequate notice, the Assistance of counsel. or a fair opportunity to be heard. And that the decision to transfer him was Arbitrary and based on unreliable evidence. He asserted his confinement at ADX also violates the Eighth Amendment's Proscription Against cruel and unusual Punishment. Particularly given his lack of Prior convictions and exemplary conduct while in the federal Prison system. Finally, he Argued his confinement at ADX (2012 u.s. APP. LEXIS 6) violates the extradition treaty between the Lewisburg Prison and ADX. Applicant Ask this court to reviews the disposition of coutinho silva is habeas corpus Petition de novo. Bradshaw v. story, 86 F. 3d 164, 166 (10th cir. 1996). Factual findings Are reviewed (2012 u.s. APP. LEXIS 7)

(7)

for clear error. Standifer v. Ledezma. 653 F. 3d 1276. 1278 (10th cir. 2011). Habeas corpus review is available under § 2241 if an individual is in custody in violation of the constitution or laws or treaties of unites states. 28 U.S.C. § 2241(c)3. the fundamental purpose of a § 2241 habeas proceeding is allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. mcIntosh v. U.S. Parole comm'n. 115 F. 3d 809, 811 (10th cir. 1997) quoting Preiser v. Rodriguez. 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). though the supreme court has not set the precise boundaries of habeas actions. it has distinguished between habeas actions and those challenging conditions of confinement. Rael v. Williams, 223 F. 3d 1154 (10th cir. 2000). this court has "endorsed this distinction." Id. in this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. mcIntosh. 115 F. 3d at 812. in contrast a prisoner who challenges the conditions of his confinement and of good time credits after clear conduct

(8)

behavior must do so through (2012 u.s.
APP LEXIS 8) a civil rights Action. Id.
See Also standifer. 653 F.3d at 1280
it is well settled LAw that prisoners who
wish to challenge only the conditions of
their confinement... must do so through
civil Rights LAwsuits not through federal
hAbeas Proceedings.)

Conclusion

the Petition for a writ of 2291 should be
granted. And I take this APPeal in good faith.

DATE: 11-15-2024   Anderson

(9)



 **U.S. Department of Justice**
Federal Bureau of Prisons

C H A N G E   N O T I C E
OPI:       CPD/CPB
NUMBER:   5410.01 CN-1
DATE:      February 6, 2023

# First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)

*/s/*
*Approved*: Colette S. Peters
Director, Federal Bureau of Prisons

This Change Notice (CN) implements the following changes to Program Statement 5410.01, **First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)**, dated November 18, 2022.

*The highlighted text has been added to Section 5. RISK AND NEED ASSESSMENT:*
If an inmate fails to complete a recommended EBRR or PA to address an identified need area, staff will enter the applicable fail or withdraw code into SENTRY, and the inmate will not be considered to have opted out, and therefore, in non-earning status.

An inmate will be reassessed for both risk level and needs at each regularly scheduled Program Review throughout the remainder of the inmate's incarceration **at a BOP institution.** As defined in the Program Statement **Inmate Classification and Program Review**, the unit team will document the inmate's progress toward recommended goals and update the Individualized Need Plan, as appropriate. The inmate will receive a copy of their updated Individualized Need Plan which will include the reassessed risk level, need areas, and program recommendations. **Inmates placed in prerelease custody, and who are not subject to regularly scheduled program review, will not receive reassessments. For inmates in prerelease placement, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.**

*The highlighted text has been added to Section 6. HOW TO EARN FTCs:*
**For inmates in prerelease custody, "the most recent two consecutive risk assessments" refers to the final two risk assessments conducted while the inmate was at a BOP institution, prior to the application of FTCs, i.e., the inmate's transfer to supervised release**



or prerelease custody. For those inmates who have not completed two assessments prior to transfer to prerelease custody, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.

*The highlighted text has been added to Section 8. TRACKING AND EARNING OF FTCs:* FSA Time Credit Assessments (FTC Worksheets) will be automatically uploaded to the Inmate Central File during each auto-calculation. Inmates will be provided a copy of the most recent FTC Worksheet during regularly scheduled program reviews.

*The highlighted text in has been changed (either added or struck through) in Section 10. APPLICATION OF FTCs:*
~~While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs.~~

To apply FTCs to prerelease placement, an inmate ordinarily must otherwise be eligible to participate in prerelease custody consistent with limitations as outlined in the Program Statement Community Corrections Center (CCC) Utilization and Transfer Procedure, separate from any FSA eligibility criteria, and be "opted in" at the time of the referral and be in minimum or low risk status through their last two assessment periods and transfer to prerelease placement. ~~For inmates with minimum or low risk who have not yet maintained two consecutive assessments, they will need to submit a BP-A0148, Inmates Request to Staff, during their regularly scheduled Program Review in order to have their early application of FTCs considered. The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.~~

Once an inmate has been transferred to prerelease custody pursuant to the procedures outlined in this section, the inmate will maintain the recidivism risk level the inmate had at the time of the transfer, unless the inmate benefits from a lower recidivism risk level based on the passage of time or the inmate's actions result in a higher risk rating. If an inmate is removed from prerelease custody for a violation, and is returned to a BOP institution, the inmate's recidivism risk level will be reassessed pursuant to the procedures outlined in Section 5 of this Program Statement.

For inmates who meet the following criteria, up to 365 days of earned FTCs will be automatically applied to early release:
- ~~Has no detainers or unresolved pending charges, to include unresolved immigration status and~~

CROSBY, GREGORY  05825645



**U.S. Department of Justice**
Federal Bureau of Prisons

P R O G R A M   S T A T E M E N T
OPI:          CPD/CPB
NUMBER:   5410.01
DATE:        November 18, 2022

# First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)

/s/
*Approved*: Colette S. Peters
Director, Federal Bureau of Prisons

1.   PURPOSE AND SCOPE

**§ 523.40 Purpose.**

**(a) The purpose of this subpart is to describe procedures for the earning and application of Time Credits as authorized by 18 U.S.C. 3632(d)(4) and Section 101 of the First Step Act of 2018 (Pub. L. 115-391, December 21, 2018, 132 Stat. 5194) (FSA), hereinafter referred to as "FSA Time Credits" or "Time Credits."**

**(b) Generally, as defined and described in this subpart, an eligible inmate who successfully participates in Evidence-Based Recidivism Reduction (EBRR) Programs or Productive Activities (PAs) that are recommended based on the inmate's risk and needs assessment may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g).**

The purpose of this policy is to establish Bureau of Prisons (Bureau) criteria and procedures for awarding time credits pursuant to 18 U.S.C § 3632(d)(4) and 18 U.S.C § 3624(g) to eligible inmates under the provisions of First Step Act of 2018 (FSA) codified in part in Title 18 U.S.C. § 3632.

**Federal Regulations from 28 CFR are shown in this type.**
Implementing instructions are shown in this type.

CROSBY, GREGORY 05826045

a. **Program Objectives.** The expected results of this Program Statement are to:

- Inform inmates and staff of the process for earning, documenting, applying, forfeiting, and restoring after forfeiture FSA Time Credits (FTCs) in accordance with the FSA.
- Inform inmates and staff of the circumstances which would preclude an inmate from earning and/or applying FTCs.
- Identify the process for applying FTCs in combination with the Residential Drug Abuse Treatment Program (RDAP) early release benefit under 18 U.S.C. § 3621(e).

b. **Institution Supplement.** None required. Should local facilities make any changes outside changes required in national policy or establish any additional local procedures to implement national policy, the local Union may invoke to negotiate procedures or appropriate arrangements.

## 2. BACKGROUND

The FSA provides eligible inmates may earn FTCs for successfully participating and completing approved EBRR programs or PAs. The FSA prohibits inmates from receiving credit prior to its enactment, prior to the commencement of the inmate's sentence, or if the inmate is serving a sentence for a disqualifying offense or has a disqualifying prior conviction. The FSA allows qualifying inmates to apply FTCs toward prerelease community-based placement (i.e., Residential Reentry Center (RRC) and/or home confinement (HC)). Further, at the discretion of the Director of the Federal Bureau of Prisons (Director), the FSA allows for FTC to be applied toward early release to supervision.

## 3. DEFINITIONS OF TERMS

§ 523.41 Definitions.

(a) *Evidence-Based Recidivism Reduction (EBRR) Program.* An EBRR Program is a group or individual activity that has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism; and is designed to help prisoners succeed in their communities upon release from prison. EBRR Programs may include, but are not limited to, those involving the following types of activities:

(1) Social learning and communication, interpersonal, anti-bullying, rejection response, and other life skills;
(2) Family relationship building, structured parent-child interaction, and parenting skills;
(3) Classes on morals or ethics;

(4) Academic classes;

(5) Cognitive behavioral treatment;

(6) Mentoring;

(7) Substance abuse treatment;

(8) Vocational training;

(9) Faith-based classes or services;

(10) Civic engagement and reintegrative community services;

(11) Inmate work and employment opportunities;

(12) Victim impact classes or other restorative justice programs; and

(13) Trauma counseling and trauma-informed support programs.

A list of approved EBRR programs is available on the FSA resource page of the Bureau's public website and the Correctional Programs Branch and Reentry Services Division's intranet pages. The list will be updated as programs/activities are added.

(b) *Productive Activity (PA).* **A PA is a group or individual activity that allows an inmate to remain productive and thereby maintain or work toward achieving a minimum or low risk of recidivating.**

Productive activities include a variety of groups, programs, classes and individual activities which can be either structured or unstructured. These pro-social activities contribute to an inmate's overall positive institutional adjustment, to include maintaining clear institution conduct, and include, but are not limited to:

- Structured, curriculum-based group programs and classes
- Productive, free-time activities (e.g., recreation, hobby crafts, or religious services)
- Family interaction activities (e.g., social visiting)
- Personal growth and development classes (e.g., adult continuing education classes)
- Institution work programs
- Community service projects
- Participation in an Inmate Financial Responsibility plan

The Bureau has approved a group of specific, structured, curriculum-based PAs which are available to assist the inmate in addressing identified needs. The list is available on the FSA resource page of the Bureau's public website and the Correctional Programs Branch and Reentry Services Division intranet pages. The list will be updated as programs/activities are added.

(c) *Successful participation.*

**(1) An eligible inmate must be "successfully participating" in EBRR Programs or**

> **PAs to earn FSA Time Credits for those EBRR Programs or PAs.**
> **(2) "Successful participation"** requires a determination by Bureau staff that an eligible inmate has participated in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, and has complied with the requirements of each particular EBRR Program or PA.

An inmate will remain in FTC earning status while on any waitlist for EBRR Programs or PAs recommended based on the inmate's needs assessment, not to exceed two assessment periods, as long as the inmate has not refused or declined to participate. Active participation in at least one EBRR Program or PA by the inmate supersedes this requirement. Exceptions to the two-assessment period time frame can be granted by the Regional Director upon request from the Warden. However, should an inmate refuse or decline to participate in the recommended EBRR program or PA for which they had been on a waitlist, staff will enter the applicable decline code in SENTRY, and the inmate will be considered declined, or opted out, for the entire waitlist period. The waitlist period is defined in terms of the corresponding need area(s). When an inmate declines participation after being on a waitlist, the auto-calculation application will first identify any need areas associated with the declined program and then identify the oldest waitlist associated with the need area(s). Any credits earned since the oldest waitlist associated with the need area, without intervening participation, will be rescinded to reflect the inmate's refusal.

> **(3) Temporary operational or programmatic interruptions** authorized by the Bureau that would prevent an inmate from participation in EBRR programs or PAs will not ordinarily affect an eligible inmate's "successful participation" for the purposes of FSA Time Credit eligibility.
> **(4) An eligible inmate, as described in paragraph (d) of this section,** will generally not be considered to be "successfully participating" in EBRR Programs or PAs in situations including, but not limited to:
>   **(i) Placement in a Special Housing Unit;**

Inmates in Disciplinary Segregation status will not be considered to be "successfully participating." Inmates in restrictive housing for Administrative Detention shall obtain FTCs if they otherwise remain in earning status under the policy.

> **(ii) Designation status outside the institution** (*e.g.,* for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.);
> **(iii) Temporary transfer to the custody of another Federal or non-Federal government agency** (*e.g.,* on state or Federal writ, transfer to state custody for service of sentence, etc.);

In the case of placement or transfers outside the institution (e.g., furlough, writ, escorted trip, outside hospital placement, etc.), an inmate will continue to earn FTCs if they are in the institution for any part of the day. An inmate must be out of the institution for the entire 24-hour day before the inmate reverts to non-earning status. Upon return to the institution, the inmate's earning status will resume.

**(iv) Placement in mental health/psychiatric holds; or**
**(v) "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment).**

An inmate is considered to be opting out, and therefore, is not in earning status, if the inmate refuses or declines to participate in any EBRR programs or structured, curriculum-based PAs recommended based on an identified need. Further, an inmate is considered to be opting out if the inmate refuses to participate in or fails to complete any portion of the Standardized Prisoner Assessment for Reduction in Criminality (SPARC-13), the Bureau's assessment system. See the Program Statement **First Step Act Needs Assessment.**

**(5)(i) If an eligible inmate "opts out," or chooses not to participate in any of the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, the inmate's choice must be documented by staff.**

An inmate's refusal to complete any portion of the SPARC-13 or to participate in EBRR programs or structured, curriculum-based PAs recommended to address an identified need is documented in SENTRY using FSA-specific assignments. See the Program Statement **First Step Act Needs Assessment.**



**(ii) Opting out will not, by itself, be considered a disciplinary violation. However, violation of specific requirements or rules of a particular recommended EBRR Program or PA, including refusal to participate or withdrawal, may be considered a disciplinary violation. (*see* this part: 28 C.F.R. part 541)**
**(iii) Opting out will result in exclusion from further benefits or privileges allowable under the FSA, until the date the inmate "opts in" (chooses to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment, as documented by staff).**

Note: C.F.R. citation added due to typographical error in published regulations.

(1) *Eligible to earn FSA Time Credits.* An inmate who is *eligible to earn* FSA Time Credits is an *eligible inmate* for the purposes of this subpart. Any inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is *eligible to earn* FSA Time Credits, subject to the exception described in paragraph (d)(2) of this section.

(2) *Exception.* If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not *eligible to earn* FSA Time Credits.

Federal inmates in state custody are not eligible to earn FTCs. Additionally, state boarders, treaty transfers inmates, and military inmates sentenced pursuant to the Uniform Code of Military Justice who are serving their sentence in Bureau custody are not eligible to earn FTCs.

Inmates sentenced under the Code of District of Columbia (DC Code) cannot earn FTCs unless or until the DC Council defines eligibility to earn FTCs (i.e., which DC Code offenses, if any, preclude eligibility). If and when the earning of FTCs is authorized for inmates sentenced under DC Code, the unit team will review inmates for eligibility and enter the applicable eligibility assignment into SENTRY. Any retroactive application of FTCs will be made consistent with the authorities granted under DC Code.

### 4. DETERMINATION OF ELIGIBILITY

At the inmate's Initial Classification, the unit team will conduct a review of the inmate's current conviction(s) as well as prior criminal convictions to determine the inmate's eligibility to earn FTCs.

For the current offense(s) review, the unit team will review the Judgement & Commitment (J&C) Order and the Presentence Investigation Report (PSR) for sentencing enhancements, if necessary, to determine if the inmate is ineligible. The list of FTC ineligible offenses, identified by statute, based on the inmate's current offense(s) is available on the FSA resource page of the Bureau's public website and the Correctional Programs Branch intranet page. If an inmate is determined to be ineligible based on the current offense(s), no review of prior offenses is required.

For the prior conviction review, an inmate is ineligible to earn FTCs if:

- The current offense is determined to be a "serious violent felony" not already specifically listed by the statute, and

- The inmate was sentenced to a term of imprisonment of more than a year for the current offense, and
- The inmate served a term of imprisonment of more than a year for a previous federal or state offense consisting of murder, voluntary manslaughter, assault with intent to commit murder, aggravated sexual abuse and sexual abuse, abusive sexual contact, kidnapping, carjacking, arson, or terrorism.

Additional criteria regarding the prior offense include:

- The conviction must have been based on an adult conviction. Juvenile adjudications are not considered, and
- If the prior conviction is a state offense, the state offense must match the specific federal offense listed above element-by-element.

For purposes of this review only, "serious violent felony" offense is defined by 18 U.S.C. § 3559(c)(2)(F):    *Crime metate ineligible*

    (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and

    (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]

Due to the complexity of the prior offense review, questions regarding whether an offense is disqualifying may be referred to an institution's local Consolidated Legal Center (CLC) for guidance.

An inmate's eligibility status will be documented on the inmate's Individualized Needs Plan in the Insight case management system, and the inmate will receive a copy. The unit team will also enter the appropriate FSA eligibility assignment into SENTRY.

## 5. RISK AND NEED ASSESSMENT

All sentenced inmates, regardless of eligibility status, will receive both a risk and need assessment. The Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) is the recidivism risk assessment tool and part of the Bureau's FSA-approved Risk and Needs Assessment System. The PATTERN tool is completed during the inmate's Initial Classification and is used to assign each incoming inmate an initial recidivism risk level of Minimum, Low, Medium, or High. The Standardized Prisoner Assessment for Reduction in Criminality (SPARC-13) is the Bureau's needs assessment system and the other half of the Bureau's FSA-approved Risk and Needs Assessment System. It is used to assess the inmate in 13 need areas which can be targeted to reduce the inmate's risk of recidivating. See the Program Statement **First Step Act Needs Assessment.**

After the inmate's arrival to their designated facility for service of their sentence and during the initial admission and orientation phase, the PATTERN and SPARC-13 assessments will be completed. While PATTERN is completed during the inmate's Initial Classification, the SPARC-13 is a multi-part, multi-department assessment process. Ordinarily, the Initial Classification is completed within 28 days of the inmate's arrival, but completing the PATTERN tool requires the inmate's sentence computation to be completed. If the sentence computation is incomplete, the Initial Classification should be delayed pending its completion, and the basis for delay should be annotated on the inmate's Program Review Report. The SPARC-13 is ordinarily completed within the 30 days of an inmate's arrival, however, portions of the SPARC-13 assessment require the inmate's active participation. Failure on the inmate's part to complete the survey assessments timely will delay completion and negatively impact the inmate's ability to begin earning FTCs as the inmate will be considered "opted out," and therefore is in non-earning status regardless of eligibility to earn FTCs.

Using SPARC-13, staff will recommend and document EBRR programs and/or PAs for inmates consistent with the requirements of the Program Statement **First Step Act Needs Assessment.** If the inmate declines to participate in an EBRR program or PA which has been recommended based on an identified needs area, the department staff assessing the need area will enter a program decline code indicating the inmate's opt out status; otherwise, the inmate will be placed in the program or on a waitlist with the applicable assignment keyed into SENTRY by the department staff assessing the need area.

Should an inmate later refuse or decline to participate in the recommended EBRR program or PA for which they had been on a waitlist, staff will enter the applicable decline code in SENTRY, and the inmate will be considered declined for the entire period on the waitlist. Any credits earned during the waitlist period will be rescinded to reflect the inmate's refusal.

If an inmate fails to complete a recommended EBRR or PA to address an identified need area, staff will enter the applicable fail or withdraw code into SENTRY, and the inmate will not be considered to have opted out, and, therefore, in non-earning status. Inmates with cognitive or physical disabilities may require more time or additional accommodations to complete an EBRR program or PA. The Program Statement **Management of Inmates with Disabilities** provides guidance on developing local accommodations. If questions about the impact of a disability on earning FTC arise, staff may contact the Women and Special Populations Branch in the Reentry Services Division.

During the inmate's Initial Classification, the unit team will develop an Individualized Need Plan for the inmate based on the results of the inmate's needs assessment and related recommendations provided by the departments that assessed the need area as documented in SENTRY and Insight Feedback. Recommendations may include EBRR programs and/or structured curriculum-based PAs designed to address the inmate's identified need areas and based on the inmate's ability to complete the program/activity.

Additional groups, programs, classes, or unstructured activities may be recommended to assist the inmate in establishing positive institutional adjustment and involvement in pro-social activities. The inmate's risk level, needs assessment results, and program recommendations will be documented on the inmate's Insight Individualized Need Plan, and the inmate will receive a copy.

An inmate will be reassessed for both risk level and needs at each regularly scheduled Program Review throughout the remainder of the inmate's incarceration **at a BOP institution.** As defined in the Program Statement **Inmate Classification and Program Review,** the unit team will document the inmate's progress toward recommended goals and update the Individualized Need Plan, as appropriate. The inmate will receive a copy of their updated Individualized Need Plan which will include the reassessed risk level, need areas, and program recommendations. **Inmates placed in prerelease custody, and who are not subject to regularly scheduled program review, will not receive reassessments. For inmates in pre-release placement, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.**

6. **HOW TO EARN FTCs**

**§ 523.42 Earning First Step Act Time Credits.**

(a) *When an eligible inmate begins earning FSA Time Credits.* **An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the**

sentence will be served).

Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntary surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTCs during pretrial confinement, nor can they earn credits based on a prior incarceration. Further, an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed, or once released to their supervised release term.

(b) *Dates of participation in EBRRs or PAs.*
   (1) An inmate cannot earn FSA Time Credits for programming or activities in which he or she participated before December 21, 2018, the date of enactment of the First Step Act of 2018.
   (2) An eligible inmate, as defined in this subpart, may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020.
   (3) An eligible inmate, as defined in this subpart, may earn FSA Time Credit if he or she is successfully participating in EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020.

(c) *Amount of FSA Time Credits that may be earned.*
   (1) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits.
   (2) For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn an additional five days of FSA Time Credits if the inmate:
      (i) Is determined by the Bureau to be at a minimum or low risk for recidivating; and
      (ii) Has maintained a consistent minimum or low risk of recidivism over the most recent two consecutive risk and needs assessments conducted by the Bureau.

The calculation of FTCs is fully automated and based on the number of 30-day periods in earning status. Additionally, the eligibility to earn FTCs is distinct from the ability to apply/use FTCs.

For inmates in prerelease custody, "the most recent two consecutive risk assessments" refers to the final two risk assessments conducted while the inmate was at a BOP institution, prior to the application of FTCs, i.e., the inmate's transfer to supervised release or prerelease custody. For those inmates who have not completed two assessments prior to transfer to prerelease custody, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.

### 7.  LIMITATIONS ON EARNING OF FTCs

Despite being eligible to earn FTCs, there are situations where an inmate is unable or unwilling to participate in EBRR programs or PAs, and therefore cannot earn FTCs. Such circumstances may include, but are not limited to, the following:

- Placement in Disciplinary Segregation status);
- Designation status outside the institution (e.g., an outside medical trip or escorted trip, in-transit or at an in-transit facility, a furlough for the full day, etc.);
- Placement in the custody of another jurisdiction (e.g., on state or federal writ, transfer to state custody for service of sentence, transfer to another federal agency, etc.);
- Placement in mental health/psychiatric holds;
- Detention as a material witness or for civil contempt;
- Placement in civil commitment; or
- "Opting out" (choosing not to participate in the EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment).

If an inmate refuses to participate in required programs (e.g., Inmate Financial Responsibility (FRP), Drug Education, etc.), the inmate will not earn FTC. While these programs are voluntary, the refusal to participate can result in the loss of certain benefits including the inability to earn FTCs.

### 8.  TRACKING AND EARNING OF FTCs

FTCs are awarded based on the inmate's eligibility to earn credit, completion of the PATTERN and SPARC-13 assessments, and ongoing participation in programs designed to reduce the risk of recidivating. Once an inmate is in earning status, they will remain in earning status unless or until the limitations outlined in the previous section of this Program Statement are applied.

FTCs are auto-calculated based on 30-day increments in earning status. Partial credit will not be awarded. FTCs will be credited on a monthly basis agency-wide, as well as during the inmate's regularly scheduled Program Reviews, based on a completed 30-day period. No FTCs will post to the inmate's record if he/she has not accrued 30 days in earning status. Rather, any days in FTC earning status will carry over to the next monthly cycle, and the inmate will receive all

applicable FTCs at that time.



> For example: If the first monthly posting of FTCs for an inmate occurs only five days after completing their initial assessments and going into earning status, no FTCs will post to the inmate's record as they have not yet accrued 30 days in earning status. Rather, the five days will carry over to the next monthly cycle, and the inmate will receive the FTCs at the end of the second month. If later, the inmate goes into FRP Refuse or declines a recommended needs-related program and goes into opt out status, the inmate is no longer in earning status, and therefore, stops accruing days toward FTCs and no FTCs will post to the inmate's record. Once the inmate returns to earning status, they will resume accruing days toward the earning of FTCs.
>
> **FSA Time Credit Assessments (FTC Worksheets) will be automatically uploaded to the Inmate Central File during each auto-calculation. Inmates will be provided a copy of the most recent FTC Worksheet during regularly scheduled program reviews.**

## 9. LOSS AND RESTORATION OF FTCs

### § 523.43 Loss of FSA Time Credits.

**(a) Procedure for loss of FSA Time Credits.** An inmate may lose earned FSA Time Credits for violation of the requirements or rules of an EBRR Program or PA. The procedures for loss of FSA Time Credits are described in 28 CFR part 541.

Per the FSA, only earned time credits can be lost, and future time credits cannot be impacted. For purposes of inmate discipline, time credits are considered officially "earned" during the monthly auto-calculation or at the time of the inmate's last Program Review assessment, whichever was most recent. A sanction of loss of FSA time credits by the Discipline Hearing Officer (DHO) may only be imposed when an inmate is found to have committed a prohibited act. Loss of FTCs cannot be entered as a suspended sanction. See the Program Statement **Inmate Discipline Program.**

**(b) How to appeal loss of FSA Time Credits.** Inmates may seek review of the loss of earned FSA Time Credits through the Bureau's Administrative Remedy Program (28 CFR part 542).

**(c) Restoration of FSA Time Credits.** An inmate who has lost FSA Time Credits under this subpart may have part or all of the FSA Time Credits restored to him or her, on a case-by-case basis, after clear conduct (behavior clear of inmate disciplinary infractions under 28 CFR part 541) for two consecutive risk and needs assessments conducted by the Bureau.

The authority to restore any portion of the offender's lost FTCs is delegated to the Warden and may not be delegated lower than the Associate Warden level. The inmate may request restoration of FTCs during a regularly scheduled Program Review and only after having maintained clear conduct for two consecutive risk and needs assessments. The Unit Manager will submit a request using BP-A1156, Restoration of Federal Time Credits, along with the unit team's recommendation, through the DHO to the Warden (or designee) for final decision. If the recommendation to restore FTCs is approved, the Unit Manager or Acting Unit Manager will process the restoration approval into the inmate's record and update via Insight or Insight Feedback.

Whether denied or approved, a copy of the decision will be provided to the inmate. If denied, the inmate will be advised that they may reapply for FTC restoration six months from the date of denial, if clear conduct is maintained. A copy will be maintained in the inmate's J&C and electronic inmate central file (e-ICF), with other sentence computation documents.

## 10. APPLICATION OF FTCs

§ 523.44 Application of FSA Time Credits.

(a) *How Time Credits may be applied.* For any inmate eligible to earn FSA Time Credits under this subpart who is:

> (1) Sentenced to a term of imprisonment under the U.S. Code, the Bureau may apply FSA Time Credits toward prerelease custody or supervised release as described in paragraphs (c) and (d) of this section.
> (2) Subject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) (*see* 18 U.S.C. 3632(d)(4)(E)), the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.
> (3) Serving a term of imprisonment pursuant to a conviction for an offense under laws other than the U.S. Code (see Section 105 of the FSA, Pub. L. 115-391, 132 Stat. 5214 (not codified; included as note to 18 U.S.C. 3621)), the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release. This paragraph (a)(3) will not bar the application of FSA Time Credits, as authorized by the DC Code, for those serving a term of imprisonment for an offense under the DC Code.

Inmates sentenced under the DC Code can neither earn nor apply FTCs unless and until the DC Council defines eligibility to earn FTCs (i.e., which DC Code offenses, if any, preclude eligibility) and defines the criteria which authorizes the application of FTC (i.e., any circumstances, if any, which preclude application). If and when the earning and application of

~~For inmates with minimum or low risk who have not yet maintained two consecutive assessments, they will need to submit a BP-A0148, Inmates Request to Staff, during their regularly scheduled Program Review in order to have their early application of FTCs considered. The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.~~

Inmates with high or medium PATTERN recidivism risk levels are exceptions to the routine application of this policy with regard to awarding FTCs toward early transfer to prerelease custody and/or supervised release. The Warden will consult with the Regional Director before approving an inmate under section (c)(2), unless an exemption is granted by the Regional Director consistent with the Program Statement **Directives Management Manual**. Ordinarily, inmates considered inappropriate for early transfer to prerelease custody or supervised release under section (c)(2) include, but are not limited to, inmates who:

- Have a high or medium PATTERN recidivism risk level
- Have a current or prior offense listed in the Program Statement **Categorization of Offenses**. Early transfers for such inmates are considered only in highly unusual circumstances. Ordinarily, an inmate is precluded from receiving an early transfer if he/she has an offense listed in either the Section titled "Offenses categorized as crimes of violence", or the Section titled, "Offenses that at the Director's discretion shall preclude an inmate's receiving certain Bureau program benefits".
- Has a Public Safety Factor (PSF) that the Designation and Sentence Computation Center (DSCC) Administrator has not waived.
- Have a history of community-based supervision (i.e., probation, parole, supervised release, halfway house, home confinement, etc.) non-compliance to include technical violations, escape, absconding/eluding, and/or new criminal conduct.
- Inmates who have been found to have committed 100 OR 200 level prohibited acts during the current term of incarceration, or the prohibited acts of using drugs or alcohol, drug possession, possession of drug paraphernalia, or introduction of drugs into Bureau institutions within the last three years from the date of the incident.

Additionally, inmates with high or medium PATTERN recidivism risk levels must demonstrate a good faith effort to lower their recidivism risk by:

- Maintaining clear conduct for at least three years from the date of the request.
- Successfully completing at least one of the Bureau's residential EBRR programs recommended based on an identified need area within the past five years, if any have been assigned.
- Is otherwise compliant with all the other requirements of this Program Statement with regard to successful program participation.

Inmates may initiate a request under (c)(2) by submitting a BP-A0148, Inmate Request to Staff, during their regularly scheduled Program Review. The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.

For Minimum and Low PATTERN risk inmates, consistent with the methodology described in Sections 6 and 7 of this policy, the Bureau will initially estimate an FSA conditional Projected Release Date (PRD) by calculating the maximum number of potential FTC that an inmate may earn during his or her sentence. The Bureau will make an initial projection based on the inmate's PATTERN risk level. (For inmates currently in custody as of the effective date of this policy, the PATTERN risk level will be presumed to be the current level). This FSA PRD is subject to change during the inmate's incarceration, and it will be adjusted if the inmate's PATTERN score changes or if the inmate enters non-earning status.

FTC will not be applied towards an inmate's release date unless earned. Medium and High PATTERN risk inmates may earn FTC, but will not receive an estimated FSA PRD.

RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater. The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C. § 3621(b)), required under the Second Chance Act, plus the remaining number of FTC days not applied to supervised release at the time of the referral. When determining the FTC days available to be applied toward RRC/HC placement, the Bureau will assume that the inmate will remain in earning status from the referral date until the transfer to prerelease custody. There is no expectation the RRC/HC placement date will be modified once the referral has been submitted to the RRM office.

**Once an inmate has been transferred to prerelease custody pursuant to the procedures outlined in this section, the inmate will maintain the recidivism risk level the inmate had at the time of the transfer, unless the inmate benefits from a lower recidivism risk level based on the passage of time or the inmate's actions result in a higher risk rating. If an inmate is removed from prerelease custody for a violation, and is returned to a BOP institution, the inmate's recidivism risk level will be reassessed pursuant to the procedures outlined in Section 5 of this Program Statement.**

Prerelease placement is dependent on, but not limited to, the inmate's release residence, program requirements, and available contract bed space and funding.

**(d) *Transfer to supervised release*.** The Bureau may apply FSA Time Credits toward early

transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has, in addition to satisfying the criteria in paragraphs (b) and (c) of this section:

> (1) An eligible inmate has maintained a minimum or low recidivism risk through his or her last risk and needs assessment;
>
> (2) An eligible inmate has a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court; and
>
> (3) The application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.

For inmates who meet the following criteria, up to 365 days of earned FTCs will be automatically applied to early release:

*Note*

- Has a term of supervised release to follow the term of incarceration
- Has a low or minimum PATTERN risk level
- Has maintained a low or minimum PATTERN risk level for at least two consecutive assessments conducted during regularly scheduled Program Reviews
- ~~Has no detainers or pending charges, to include unresolved immigration status and~~
- Is not the subject of a final order of removal under immigration laws, and
- Has not opted out or refused to participate in any required program, and therefore, is in earning status.

As explained in Section 10(b), the Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in prerelease custody. If an inmate on prerelease custody has already earned the maximum 365 days of credit toward supervised release, the PRD will be adjusted only if the inmate loses earned FTCs consistent with Section 9. If an inmate is returned to prison for a violation during prerelease custody or any other reason, their projected FTCs may be adjusted depending on any failure to remain in earning status.

As used in this Section, "last risk and needs assessment" refers to the final risk and needs assessment conducted while the inmate was at a BOP institution, prior to the inmate's transfer to supervised release or prerelease custody.

## 11. RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM EARLY RELEASE BENEFIT AND FTCs

Inmates who successfully complete the Residential Drug Abuse Treatment Program (RDAP) and are eligible for early release pursuant to 18 U.S.C. § 3621(e) may also earn FTCs which could be applied towards an additional reduction to their Projected Release Date (PRD). Eligibility to

apply earned FTCs is separate and unrelated to the eligibility requirements under 3621(e).

An inmate must complete all required components of RDAP, including the community-based treatment component, in order to receive the early release benefit pursuant to 18 U.S.C. § 3621(e). The 3621(e) benefit will be applied first to the inmate's sentence computation, followed by the application of FTCs, however, an inmate must have sufficient time remaining to serve to complete all required components of the RDAP program (i.e., 120-day community-based treatment).

In the event an inmate has insufficient time remaining to serve after completing the RDAP program to receive both the early release benefit under 3621(e) and the full 365 days toward early release of earned FTCs, the number of FTC days applied will be reduced to allow for, at a minimum, the 120-day community-based placement as required under 3621(e).

Regardless of whether the inmate is receiving the 3621(e) release benefit alone or in conjunction with FTCs, the inmate will have a conditional release method entered into SENTRY until the inmate receives a community-based placement date with, at a minimum, the required 120 days and the unit team has submitted a completed BP-A0628, Notification of RRC Placement Date, to the Designation and Sentence Computation Center (DSCC).

Inmates who release early pursuant to section 3621(e) and who also earn FTCs will be keyed with the release method which identifies that both benefits have been applied. The Correctional Systems t intranet page provides a list of FSA release method codes and descriptions for staff.

12. ADMINISTRATIVE REMEDIES.

Inmates who wish to seek review of any issue relating to this Program Statement may use the procedures outlined in the Program Statement **Administrative Remedy Program**.

REFERENCES

*U.S. Codes or Regulations Referenced*
8 U.S.C. § 1101
18 U.S.C. § 3624
18 U.S.C. § 3632
28 C.F.R. § 541
28 C.F.R. § 542

*Program Statements*
1221.66 CN-1    Directives Management Manual (7/21/1998)

P5410.01    11/18/2022    Federal Regulations from 28 CFR: this type. Implementing instructions: this type.    18

| 1330.18 | Administrative Remedy Program (1/6/2014) |
| 5162.05 | Categorization of Offenses (3/16/2009) |
| 5200.06 | Management of Inmates with Disabilities (11/22/2019) |
| 5220.01 | First Step Act Program Incentives (7/14/2021) |
| 5270.09 CN-1 | Inmate Discipline Program (11/18/2020) |
| 5322.13 | Inmate Classification and Program Review (5/16/2014) |
| 5330.11 CN-1 | Psychology Treatment Programs (4/25/2016) |
| 5331.02 CN-2 | Early Release Procedures under 18 U.S.C. § 3621(e) (9/27/2017) |
| 5400.01 | First Step Act Needs Assessment (6/25/2021) |
| 7310.04 CN-1 | Community Corrections Center (CCC) Utilization and Transfer Procedure (12/16/1998) |

*Forms*

| BP-A0148 | Inmate Request to Staff |
| BP-A0628 | Notification of RRC Placement Date |
| BP-A1156 | Restoration of Federal Time Credits |

*ACA Standards:*

**American Correctional Association Standards for Adult Correctional Institutions - 5th Edition:**
5-ACI-2C-11, 5-ACI-3C-01, 5-ACI-3C-03, 5-ACI-3C-04, 5-ACI-3C-07, 5-ACI-3C-08, 5-ACI-3C-11, 5-ACI-3C-13, 5-ACI-3C-15, 5-ACI-3C-19,
5-ACI-3C-23, 5-ACI-3D-19, 5-ACI-4A-09, 5-ACI-5B-01, 5-ACI-5B-03, 5-ACI-5B-04, 5-ACI-5B-05, 5-ACI-5B-06, 5-ACI—5B-07, 5-ACI-5B-08,
5-ACI-5B-09, 5-ACI-5E-02, 5-ACI-5E-11, 5-ACI-5E-12, 5-ACI-5E-13, 5-ACI-5E-14, 5-ACI-5E-15, 5-ACI-6A-42, 5-ACI-6C-06, 5-ACI-7B-10

**American Correctional Association Performance Based Standards for Adult Local Detention Facilities - 4th Edition:**
4-ALDF-2A-30, 4-ALDF-2A-47, 4-ALDF-2A-50, 4-ALDF-3A-01, 4-ALDF-3A-02, 4-ALDF-4C-40, 4-ALDF-5A-04, 4-ALDF-5A-08,
4-ALDF-6B-01, 4-ALDF-6B-02, 4-ALDF-6B-04, 4-ALDF-6B-05, 4-ALDF-6B-08, 4-ALDF-6C-01, 4-ALDF-6C-03. 4-ALDF-6C-04, 4-ALDF-6B-07, 4-ALDF-6C-09, 4-ALDF-6C-11, 4-ALDF-6C-12, 4-ALDF-6C-14, 4-ALDF—6C-15, 4-ALDF-6C-18, 4-ALDF-7D-2

*Records Retention Requirements*
Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) on Sallyport.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☑ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
    maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: _To correct Good Time credits_
_restored_

6.    Provide more information about the decision or action you are challenging:
    (a)  Name and location of the agency or court:

    (b)  Docket number, case number, or opinion number:
    (c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    (d)  Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☐ Yes          ☐ No
    (a)  If "Yes," provide:
          (1)  Name of the authority, agency, or court: _N/A_
          (2)  Date of filing:
          (3)  Docket number, case number, or opinion number:
          (4)  Result:
          (5)  Date of result:
          (6)  Issues raised: _N/A_

    (b)  If you answered "No," explain why you did not appeal: _N/A_

8.    **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: _____ *N A* _____

      (2) Date of filing: _____

      (3) Docket number, case number, or opinion number: _____

      (4) Result: _____ *N A* _____

      (5) Date of result: _____

      (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: _____

**9.**    **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes       ☐ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: _____ *N A* _____

      (2) Date of filing: _____

      (3) Docket number, case number, or opinion number: _____

      (4) Result: _____

      (5) Date of result: _____

      (6) Issues raised: _____ *N A* _____

   (b) If you answered "No," explain why you did not file a third appeal: _____

**10.**    **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes       ☐ No

   If "Yes," answer the following:

   (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

      ☐ Yes       ☐ No   *N A*

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: *N/A* _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes    ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: *N/A* _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes    ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: *N/A* _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: *N/A* _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**

*N A*

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

*N A*

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:**

*N A*

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

*N A*

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

*N A*

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

*N A*

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: For All the reasons stated Applicant Respectfully Asks this Court to granted his habeas corpus And list this matter for A new Good time credits. I Request to my Good time credits to be restoration.

AО 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  *11-15-2024*

_____
                          *Signature of Petitioner*

_____
                          *Signature of Attorney or other authorized person, if any*

COUINHO SILVA #64654-066
US Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226

LEGAL-MAIL

11/15/2024
DATE

Judge. Nina Y. WAng
CLERk of the Court
u.S. District court for the District of colorado
Alfred A. ARRaj u.S. courthouse
901 19th street, Room A 105
Denver, CO 80294-3589







FEDERAL PRISON CAMP
P.O. BOX 5000
FLORENCE, COLORADO 81226

NOV 1 4 2024

DATE: _____

"SPECIAL LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.