IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 24-cv-02012-NYW

ANDERSON JOSE COUTINHO-SILVA,

    Applicant,

v.

    A. CIOLLI, Warden,

    Respondent.

**RESPONSE TO SECOND AMENDED APPLICATION
FOR WRIT OF HABEAS CORPUS (ECF No. 22)**

Pursuant to the Court's November 11, 2024, Order, ECF No. 20, Respondent provides this response explaining why Applicant Anderson Jose Coutinho-Silva's Second Amended Application for a Writ of Habeas Corpus, ECF No. 22 ("Application"), should not be granted. The Application appears to contain two claims for relief.

First, Applicant challenges the application of First Step Act ("FSA") good time credits. Specifically, he seeks to have good time credits restored that he claims have been improperly denied based on a finding that he is ineligible to receive such credits due to his crime of conviction. But, as set forth below, Applicant's conviction for Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), renders him statutorily ineligible to earn credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

Second, Applicant alleges that his confinement at the United States Penitentiary – Administrative Maximum ("ADX") violates his Fifth and Eighth Amendment rights and an extradition treaty. But such claims are not cognizable in this habeas corpus action, and, even if they were, the Application fails to include factual support for these claims. Thus, Plaintiff, fails to allege plausible claims for relief.

The Application should, therefore, be denied.

## BACKGROUND

Applicant is a federal inmate incarcerated at the United States Penitentiary – Administrative Maximum in Florence, Colorado. On July 27, 2011, Applicant was sentenced in the United States District Court for the Eastern District of Pennsylvania to a 207-month term of imprisonment for robbery, using a firearm during and in relation to a crime of violence, and being an alien in possession of a firearm. *See United States v. Coutinho-Silva*, No. CR 10-002, 2023 WL 7222689, at *1 (E.D. Pa. Nov. 2, 2023); *see also* Judgment in a Criminal Case, *United States v. Coutinho-Silva*, No. CR 10-002 (E.D. Pa. Jul. 27, 2011), ECF No. 38.

On July 19, 2024, Applicant commenced this action by filing his original Application for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. After the Court instructed him to cure deficiencies in his original application, Applicant filed an amended application on August 12, 2024. ECF No. 5. On September 5, 2024, the Court ordered Respondent to file a preliminary response to the amended application addressing the affirmative defense of exhaustion of administrative remedies. ECF No. 8. On September 19, 2024, Respondent filed a preliminary response indicating that Respondent did not intend to

raise the exhaustion defense with regard to Applicant's claim that he is entitled to FSA good time credits that he has not received. ECF No. 11 at 2.

On October 15, 2024, Applicant moved to amend his application. ECF No. 16. On October 21, 2024, Respondent responded to Applicant's motion indicating he did not oppose amendment. ECF No. 17. On November 4, 2024, the Court granted Applicant's motion, ECF No. 20, and on November 20, 2024, Applicant filed the operative second amended application (the "Application"). ECF No. 22.

In the Application, Applicant contends that Respondent has improperly denied him good time credits. *See generally* ECF No. 22. Applicant also appears to allege that his confinement at ADX violates "his Fifth and Eighth Amendment rights and also an extradition treaty." *Id.* at 2.

## ARGUMENT

The Application should be denied. First, Applicant is statutorily ineligible to earn any good time credits due to his crime of conviction. Second, Applicant's claims based on the Fifth Amendment, Eighth Amendment, and an extradition treaty, which challenge his conditions of confinement, are not cognizable in this habeas action. Even if they were, the Application lacks sufficient factual support to state plausible claims for relief.

### I. Applicant is statutorily ineligible to earn good time credits.

Applicant's conviction for Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii), renders him statutorily ineligible to earn any credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). The FSA, among other things, establishes a system allowing eligible inmates to earn time credits after

3

participating in certain Evidence-Based Recidivism Reduction programming, which can then be applied toward prerelease custody or supervised release:

> (C) APPLICATION OF TIME CREDITS TOWARD PRERELEASE CUSTODY OR SUPERVISED RELEASE. – Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). However, Congress has determined that inmates with certain convictions are ineligible to receive any time credits under the FSA. The FSA, at 18 U.S.C. § 3632(d)(4)(D)(xxii), explains:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . .
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Applicant, who was convicted of Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is, therefore, statutorily ineligible to earn time credits under the FSA.

**II.   Applicant's Fifth Amendment, Eighth Amendment, and "extradition treaty" claims should be denied.**

Applicant also appears to challenge his placement at ADX based on alleged violations of the Fifth Amendment, Eighth Amendment, and an extradition treaty.[1] ECF

---

[1] In its "Request for Relief," the second amended application only seeks restoration of good time credits. ECF No. 22 at 35. It does not appear to seek relief for claims based on violations of the Fifth Amendment, Eighth Amendment, or an extradition treaty related to

4

No. 22 at 2, 4-9. These claims fail. In this habeas action, the Court does not have jurisdiction over these claims, which appear to challenge Applicant's conditions of confinement. And, even if they were cognizable claims for habeas corpus relief, they should still be dismissed for failing to state plausible claims for relief.

### A. Applicant's Fifth Amendment, Eighth Amendment, and extradition treaty claims are not cognizable in this habeas action.

"Habeas corpus and civil rights actions are separate and distinct." *Courtney v. Williams*, No. 22-CV-01015-LTB-GPG, 2022 WL 21817791, at *2 (D. Colo. Aug. 2, 2022), *report and recommendation adopted*, No. 22-CV-01015-LTB-GPG, 2022 WL 21817787 (D. Colo. Aug. 19, 2022). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the 'traditional function of the writ is to secure release from illegal custody.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). The Supreme Court and Tenth Circuit have "distinguished between habeas actions and those challenging conditions of confinement. . . ." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). "[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement" and, therefore, must be brought in a civil rights action. *See United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006).

---

Applicant's ADX placement. However, due to the detail added regarding such potential claims not found in the previous application, Respondent interprets the second amended application as asserting such claims.

5

Here, Applicant appears to challenge his confinement at ADX as a violation of the Fifth and Eighth Amendments and an extradition treaty. *See* ECF No. 22 at 2, 4-9. But these claims are not cognizable in this habeas action because he does not challenge "the fact or duration of [his] confinement." *Banks v. True*, No. 21-CV-02513-LTB-GPG, 2022 WL 21795007, at *4 (D. Colo. Mar. 8, 2022). This Court, therefore, lacks jurisdiction over Applicant's challenge to his transfer to and confinement at ADX. *See Palma-Salazar*, 677 F.3d 1035 (affirming dismissal in habeas action of inmate claims that transfer to ADX violated his Fifth and Eighth Amendment rights, as well as an extradition treaty). These claims must, therefore, be dismissed.

### B. Applicant has failed to state claims for relief under the Fifth or Eighth Amendments or an extradition treaty.

Even if Applicant's claims under the Fifth Amendment, Eighth Amendment, and an extradition treaty were cognizable here, they should still be dismissed for failing to state plausible claims for relief. Applicant fails to support these conclusory allegations with any factual basis or explanation. Thus, his claims should be dismissed.

<u>Fifth Amendment Claim</u>: Applicant conclusorily alleges that his placement at ADX violates his Fifth Amendment rights. He fails to explain exactly how Respondent violated his Fifth Amendment rights, but his generalized allegations will be addressed in turn.

First, Applicant appears to allege that Respondent has violated the Fifth Amendment by denying him good time credits. Given his ineligibility for good time credits, however, any Fifth Amendment claim fails. Applicant has no liberty interest in time credits for which he is ineligible. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (in analyzing a due process challenge, a court first asks "whether there exists a liberty or property

6

interest of which a person has been deprived...."); *see also Cheng v. United States*, 725 F. Supp. 3d 432 (S.D.N.Y. 2024) (inmate who was subject to an immigration order of removal had no legitimate expectation in the application of FSA time credits for which he was ineligible under § 3632(d)(4)(E)(i)); *Fischer v. Boncher*, –––– F. Supp. 3d ––––, 2024 WL 3625424 (D. Mass. Aug. 1, 2024) (inmate who was convicted of brandishing a firearm during a crime of violence was statutorily ineligible to receive FSA time credits, and therefore, he had no liberty interest in them). He therefore cannot plausibly allege any Fifth Amendment violation.

Second, Applicant also alleges that his placement at ADX violated "both procedural and substantive due process." ECF No. 22 at 7. Without providing supporting factual detail, he claims that he was "transferred to ADX without adequate notice, the assistance of counsel, or a fair opportunity to be heard, and that the decision to transfer him was arbitrarily based on unreliable evidence." *Id.* These bare assertions are not sufficient to plausibly state a Fifth Amendment violation. *See Rezaq v. Nalley*, 677 F.3d 1001, 1016 (10th Cir. 2012) (finding that "inmates did not have a liberty interest in avoiding confinement at ADX"); *Gowadia v. Stearns*, 596 F. App'x 667, 674 (10th Cir. 2014) (same).

Eighth Amendment Claim: Applicant alleges that "his confinement at ADX also violates the Eighth Amendment's proscription against cruel and unusual punishment, particularly given his lack of prior convictions and exemplary conduct while in the federal prison system." ECF No. 22 at 7. However, he again fails to provide any additional detail to support or explain this claim. He therefore fails to plausibly allege an Eighth

Amendment violation, and his claim should be dismissed. *See Ajaj v. United States*, 293 Fed. App'x. 575, 582–84 (10th Cir. 2008) (finding that the conditions of ADX do not violate the Eighth Amendment).

<u>Extradition Treaty Claim</u>: Applicant alleges that his confinement at ADX "violates the extradition treaty between the Lewisburg Prison and ADX." ECF No. 22 at 7. He does not attach or provide the terms of the alleged "treaty," explain how his confinement violates the alleged "treaty," or provide any additional details. He thus fails to state a plausible claim for relief.

\*       \*       \*

Because he has failed to provide factual detail to support his claims under the Fifth Amendment, Eighth Amendment, and an extradition treaty, they must be dismissed.

## CONCLUSION

As explained above, Applicant is statutorily ineligible for FSA good time credits, and his claims for relief based on the Fifth Amendment, Eighth Amendment, or an extradition treaty are not cognizable in this habeas action and, even if they were, they must still be dismissed for lacking factual support. Accordingly, his Application must be denied.

//

//

//

Dated: December 20, 2024

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

*s/ Logan P. Brown*
Logan P. Brown
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0407
Logan.Brown@usdoj.gov

Counsel for Respondent

9

## CERTIFICATE OF SERVICE

      I certify that on December 20, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

Via mail:    Anderson Jose Coutinho-Silva
                #64654-066
                FLORENCE ADMAX
                U.S. PENITENTIARY
                Inmate Mail/Parcels
                PO BOX 8500
                FLORENCE, CO 81226

                Applicant

                                        *s/ Logan P. Brown*
                                        Logan P. Brown