in the united states district court
for the district of colorado

Anderson Jose coutinho silva

Applicant.

Case No. 1-24-cv-02012-NYW

v.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JAN -2 2025
JEFFREY P. COLWELL
CLERK

A. ciolli. Warden

Respondent.

applicant reply to the respondent response in opposition to applicant for writ of habeas corpus (ECF No 22)

said applicant he filed this reply to send to the court a extradition treaty claim A2X general population hearing administrator's report. said respondent applicant file to attach or provide the terms of the alleged treaty. said applica he it is the one accuse you so you are the one failed to provide factual detail to the court. And said applicant he going to attach the least DHO discipline hearing officer report

inciden date 11-20-2020 And 3 copout he sent to the Psychology and to the complex WARden ciolli And said Applicant look AT the Lawsuit he filed AGAinst staff for A sexual Assaulted coutinho silva v. united states of America civil Action number 22-cv-01283-GPG said Applicant this facility is not holdin Anyone Responsible for sexual hars or sexual Assaulted.

WHEREFORE, for All the Reasons stated Applicant Respetfully asks this court to grand his habeas corpus (ECF no 22) And his Prisoner motion to Appoint counsel transaction was entered on 10-4-2024 AT 11:20 Am Applicant's Request is still Pending before the court And list this matter for A new time credits.

Respectfully submitted

Anderson Jose coutinho silva #46457066
u.s. Penitentiary max
P.O. Box 8500
Florence, CO 81226-8500

DATE 12-25-2024

# NOTICE

Respondent Said. Applicant it is Qualify for (c) Application of time credits toward Prerelease custody or supervise Release time credits earned under this Paragraph by Prisoners who Successfully Participate in Recidivism Reduction Programs or Productive Activities Shall be Applied toward time in Prerelease custody or Supervised Release. the Director of the Bureau of Prisons shall transfer eligible Prisoners. As determined Under Section 3624(g) into Prerelease custody or Supervised Release. But the institution ADMAX Refus And denied Applicant to Participate of the Psychology services Programming STOP him to Be ABLE earned supervise release time credits. Said Applicant he filed A Administrative Remedy Against the ADMAX Psychology services on 03-12-2024 for not Allow him to Participate of the Program. they said Applicant it is on the wayting LIST And will be contacted when he Are selected for one of these groups. it's Been 9 months Applicant have not Been contacted or Participate of the Program.

BP-09

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: COUTINHO SILVA — 64654-066 — F — ADMAX

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST** this is A complaint AGAinst ADX Psycholog Services Programming for depriving Refusing me for poll me out for the Psychology Program said I'm on the waiting list for moultiple classes for the passt 9 months. I Request to Participate the Program.

03-12-2024

DATE

[signature]

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
Admin Remedy Office
MAR 14 2024
ADX Florence
Colorado

[signature]

RECEIVED MAR 20 2024

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 1193094-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to:

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-09

BP-229 Response

Case Number: 1193094-F1

This is in response to your Request for Administrative Remedy received, March 14, 2024, wherein you state Psychology Services is depriving you of participating in groups. As relief, you request to be signed up for psychology programs.

The results of the review revealed you have completed Criminal Thinking (December 2020) and Anger Management (August 2021) while at the ADX. Further, you were enrolled in Basic Cognitive Skills in July 2022; however, you were removed from the group in August 2022 due to your disruptive behaviors. In May 2022, you were enrolled in the Nonresidential Drug Abuse Program, but you withdrew from that group in August 2022. At this time, you remain on the waitlist for the Resolve Workshop, Non-Resolve CPT, Emotional Self-Regulation, Illness Management and Recovery, CBT for Insomnia, Mindfulness Based CBT, and CBT for Prison Gambling. You will be contacted when you are selected for one of these groups. It should be noted that disruptive behavior will not be tolerated during treatment groups.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only.

In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

A. Ciolli, Complex Warden

3/19/24
Date

RECEIVED MAR 20 2024

| Notice of Hearing on Referral for Transfer to ADX Florence General Population | | |
|---|---|---|
| **Name** | **Register Number** | **Institution** |
| Coutinho-Silva, Anderson | 64654-066 | USP Lewisburg |

| | | |
|---|---|---|
| **This Notice was delivered on (date/time):** | - - @ : am/pm | |
| **Delivered by:** | **Name:** **B. Chambers** | **Title:** **DHO** |
| **Signature:** | | |
| **From:** | J.M. Carey<br>Discipline Hearing Administrator<br>South Central Regional Office | |

**You have been referred for a hearing before a Hearing Administrator. This hearing is to determine if you should be transferred to the ADX Florence General Population, in Florence, Colorado (ADX-GP). Information concerning this referral, and the procedures, are set forth in this Notice form.**

| | | |
|---|---|---|
| 1. | Scheduled Date/Time for Hearing: | February 24, 2017 @ 9:00 a.m. (Eastern Time) |
| 2. | This hearing may be conducted via video conferencing, teleconference, or in person at your present institution, or at any other location determined by the Hearing Administrator.<br><br>Your hearing will be conducted via teleconference. | |
| 3. | You are being referred for placement in the ADX-GP based on the following: | |
| X | Your conduct creates a risk to institution security and good order, poses a risk to the safety of staff, inmates or others, or to public safety. | |
| X | As a result of your status either before or after incarceration, you may not be safely housed in the general population of a regular correctional institution. | |

Without jeopardizing institution security or good order, or the safety of any person, detail as fully as possible the facts or situation(s) resulting in the recommendation for transfer:

You arrived at USP Lewisburg on 11-5-2012, and began the Special Management Unit (SMU) Program due to your disruptive conduct at USP Pollock. Since your arrival to the SMU Program, you have been found guilty of numerous incident reports to include Setting a Fire, Possessing a Weapon, Possessing a Hazardous Tool, Possessing a Drugs/Alcohol, Engaging in [illegible] Act, Assaulting Without Serious Injury, Destroying/Dispose Item-Search, Fighting, Using Martial Arts/Boxing, and Destroying Property over $100. Your failure to comply with institution rules and regulations has prevented your advancement in the SMU Program, and you have been identified as a SMU Program Failure.

You have committed multiple 100 and 200 level prohibited acts during your period of confinement at USP Lewisburg demonstrating a risk to institutional security and good order as well as a risk to staff and inmates. As you have continued a pattern of severely disruptive behavior while confined in the SMU Program, it appears you would be unable to function in a less restrictive correctional environment without being a threat to others or to the secure and orderly operation of a less secure correctional facility.

| | |
|---|---|
| 4. | As an inmate referred for placement in the ADX-GP, you will be afforded: |
| a. | The opportunity to have a written summary of the specific behavior or situation which forms the basis for the placement recommendation, unless such information would likely endanger staff or others. You will receive this summary and notice of the hearing at least twenty-four hours |

| | |
|---|---|
| | prior to the hearing. |
| b. | The opportunity to be present throughout the hearing except where institution security or good order would be jeopardized. |
| c. | The opportunity to make an oral statement to the Hearing Administrator. |
| d. | The opportunity to present documentary evidence in your behalf which is relevant to the issue, provided institution security or individual safety would not be jeopardized. |
| e. | The opportunity to be advised, in writing, of the Hearing Administrator's recommendation and of a summary of the facts and reason(s) supporting the recommendation, to the extent institution security or individual safety would not be jeopardized. |
| 5. | I have been advised of the above procedures related to the hearing on referral for placement in the ADX-GP. I have also received a copy of the Administrative Procedures for Transfer to the ADX-GP. |

| Inmate Signature: | Register Number: | Date: |
|---|---|---|

When an inmate has been advised of the above hearing procedures and provided a copy of the Administrative Procedures for Transfer to the ADX-GP, but refuses to sign the acknowledgement, the following is to be completed:

I have personally advised the inmate of the above hearing procedures, and provided the inmate with a copy of the Administrative Procedures for Transfer to the ADX-GP. However, the inmate refused to sign the acknowledgement.

| Staff Name: | Staff Title: |
|---|---|
| Staff Signature: | Date: |

| | |
|---|---|
| 6. | Waiver of Appearance – I have been advised of my opportunity to appear before the Hearing Administrator regarding my referral for transfer to the ADX-GP. I wish to waive my right to appear at this hearing. I understand I may still provide documentary evidence to the Hearing Administrator prior to the date of the hearing referenced in section one of this form. |

| Inmate Name: | Register Number: | Date: |
|---|---|---|

| Staff Name: | Staff Title: |
|---|---|
| Staff Signature: | Date: |

I have personally advised the inmate of the above hearing procedures, and provided the inmate with a copy of the Administrative Procedures for Transfer to the ADX-GP. The inmate has declined to appear at this hearing and refused to sign the above waiver section of this form. I have advised the inmate he may submit documentary information to the Hearing Administrator prior to the date of the hearing referenced in section one of this form.

| Staff Name: | Staff Title: |
|---|---|
| Staff Signature: | Date: |
| Second Staff Name: | Second Staff Title: |
| Second Staff Signature: | Date: |

| ADX GENERAL POPULATION HEARING ADMINISTRATOR'S REPORT | | |
|---|---|---|
| **Inmate's Name** | **Register Number** | **Institution** |
| **Coutinho-Silva, Anderson** | **64654-066** | **LEW** |

| | |
|---|---|
| **1.** | **Notice of Hearing** |
| The Notice of Hearing on Referral for Transfer to the General Population at the ADX in Florence, Colorado, which outlines the basis for the placement recommendation was given to the inmate on February 22, 2017, at 9:45 a.m. (Eastern Time). The hearing was held on February 24, 2017, at 9:00 a.m. (Eastern Time), via telephonic hearing. | |
| **2.** | **Attendance** |
| The inmate was advised in the Notice of General Population Hearing form of the opportunity to be present during the hearing. | |
| X | The inmate was present during the hearing. |
| | The inmate was not present during the hearing for the following reason(s): |
| **3.** | **Inmate's Statement** |
| The inmate was advised in the Notice of General Population Hearing form of the opportunity to make a statement during the hearing, pertaining to the referral for his placement in the ADX General Population (ADX-GP). The information below was confirmed during the hearing. | |
| | The inmate did not make a statement during the hearing for the following reason(s): |
| X | The inmate made the following statement during the hearing: "The incidents you are talking about did not happen here. Also, the incidents are from a long time ago." |
| **4.** | **Presentation of Documentary Evidence** |
| The inmate was advised in the Notice of General Population Hearing form of the opportunity to submit documentary information. | |
| X | The inmate did not present any documentary evidence. |
| | The inmate presented the following documentary evidence: N/A |
| | The inmate asked to present documentary evidence, but was denied for the following reason(s): N/A |
| **5.** | **Finding** |
| | The inmate does not appear to meet the criteria for placement in the ADX-GP for the following reason(s): N/A |
| X | The inmate appears to meet the following criteria for placement in the ADX-GP: |
| X | The inmate's conduct within correctional institutions creates a risk to institution security, good order, and the safety of staff, inmates, others, and/or the public safety. |
| X | As a result of the inmate's status either before or after incarceration, he may not be safely housed in the general population of a regular correctional institution. |
| **6.** | **Information Utilized** |
| **<u>Institutional Conduct:</u>** Inmate Coutinho-Silva arrived at USP Lewisburg on 11-5-2012, and began the Special Management Unit (SMU) Program due to your disruptive conduct at USP Pollock. Since his participation in the SMU program at USP Lewisburg, he has incurred 8 additional disciplinary actions, including four in the Greatest Category prohibited act. Two were for Code 103, Setting a Fire, one was for Code 104, Possessing a Weapon, and one was for Code 108, Possessing a Hazardous Tool. Two were for Code 201, Fighting, one was for Code 218, Destruction of Anything of Value in Excess of $100, on one for | |

| ADX GENERAL POPULATION HEARING ADMINISTRATOR'S REPORT | | |
|---|---|---|
| Inmate's Name | Register Number | Institution |
| Coutinho-Silva, Anderson | 64654-066 | LEW |

Code 220, Using Martial Arts/Boxing. His failure to comply with institution rules and regulations has prevented his advancement in the SMU Program, and he has been identified as a SMU Program Failure. He has committed multiple 100 and 200 level prohibited acts during his period of confinement at USP Lewisburg, demonstrating a risk to institutional security and good order as well as a risk to staff and inmates. As he continues a pattern of severely disruptive behavior while confined in the SMU Program, it appears he will be unable to function in a less restrictive correctional environment without being a threat to others or to the secure and orderly operation of a less secure correctional facility.

During the hearing, the Hearing Administrator reviewed the notice of hearing with inmate Coutinho-Silva. He indicated he understood the details of the report and advised the Hearing Administrator that he stated, "The incidents you are talking about did not happen here. Also, the incidents are from a long time ago." He presented no documentary evidence for consideration during the proceedings.

The DHA explained that inmate Coutinho-Silva meet the criteria for consideration for the ADX GP due to the incident reports he received while involved in the SMU program.

In conclusion, based on his continued misconducts at the Greatest and High level within the last 60 months, it is this Hearing Administrators belief that based on the information identified above, his placement at the ADX is warranted.

| 7. | Recommendation |
|---|---|
| | The inmate should not be placed in the ADX-GP. |
| X | The inmate should be placed in the ADX-GP. |
| 8. | Appeal Rights |

Upon receipt of the Assistant Director's decision regarding your placement, you have 30 days to appeal the decision through the Administrative Remedy Program. Your appeal must be submitted on the appropriate form (Regional Administrative Remedy Appeal BP-10) and must be sent to the Chief, Designation & Sentence Computation Center, Grand Prairie Complex, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas 75051

| J.M. Carey | [signature] | February 24, 2017 |
|---|---|---|
| Hearing Administrator's Name | Signature | Date |

**9. Delivery of Hearing Administrator's Report to Inmate**

| | |
|---|---|
| Inmate's Signature | Date |

The inmate refused to sign for a copy of the ADX General Population Hearing Administrator's Report. I have personally delivered a copy of the report to the above mentioned inmate.

| | | |
|---|---|---|
| Staff Name (Printed) | Signature | Date |

23

COL-202

BP-A0304

# DISCIPLINE HEARING OFFICER REPORT

Dept. of Justice / Federal Bureau of Prisons

| | |
|---|---|
| Institution: **FLORENCE ADMAX USP** | Incident Report Number: **3459531** |
| NAME OF INMATE: **COUTINHO-SILVA,** | REG.NO.: **64654-066** UNIT: **C** |
| Date of Incident Report: **12-20-2020** | Offense Code(s): 224 307 312 |
| Date of Incident: **12-20-2020** | |

Summary of Charges:

**224 -- ASSAULTING W/O SERIOUS INJURY. 307 -- REFUSING TO OBEY AN ORDER. 312 -- BEING INSOLENT TO STAFF MEMBER.**

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on **12-20-2020** at **18:14** (by staff member) **C. Cline**

B. The DHO Hearing was held on **01-09-2021** at **19:15**

C. The inmate was advised of the rights before the DHO by (staff member): **ROBINSON** on **12-24-2020** and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: [Yes] X [No] _

B. Inmate requested staff representative and **NA** appeared.

C. Staff Representative's Statement:
**NA**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E. Staff representative **NA** was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits ( X ) denies the charge(s).

B. Summary of Inmate Statement:

**During the hearing, you stated that were you "not guilty of the charge." You went on to say that you knocked the cup of water off of your grill in your assigned cell as staff were in your sally port of the cell. You asked me to review the camera footage in which I did. The video footage revealed that you had in fact threw the unknown substance in the direction of staff striking them as they were in the cell sally port.**

NOTE: PLEASE KNOW THAT THERE, NO CAMERAS IN THE SALLY PORT. ALL CAMERAS ARE IN THE HALL WAY, AND CAN'T VIEW INTO THE INSIDE OF CELLS. THIS STATEMENT BY PINAZO IS NOT TRUE.



24

BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

C. Witnesses

1. The inmate waived right to witnesses. [Yes] X [No] _

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
**NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
**NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
**NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
**Incident Report - Photographs -- (BOP-IRPHO)**
**Incident Report - Staff Injury Assessments -- (BOP-IRSIA)**
**Incident Report - Staff Memorandums -- (BOP-IRMEM)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
**NA**

IV. FINDINGS OF THE DHO

_ A. The act was committed as charged.

X B. The following act was commmitted:
**224**

_ C. No prohibited act was committed: Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**Photographs, Medical Assessments, Staff Memorandums indicating your you did in fact throw an unknown substance. Video footage also revealed that you had in fact threw an unknown substance in the direction of staff striking them.**

**The DHO advised you of your rights before the Discipline Hearing Officer and you stated you understood those rights. You confirmed you did not request a staff representative or witnesses.**

**The DHO bases this finding on the incident report writer s statement in Section 11 which states, "On December 20, 2020 while assigned as the C-unit number 1 officer, I Senior Officer J. Lee was assaulted with an unknown liquid substance by Inmate Coutinho-Silva, Anderson BOP #64654-066. The unknown substance hit my left shoulder, face, and hair. During the 10:00 AM stand-up lights on count, Inmate Coutinho-Silva refused to stand up**

25

BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

and respond to staff's direct orders during the count until I turned on the cell room light. As we were walking off the range he was standing and demanding that the light be turned off. At approximately 10:50 during the lunch time feeding Inmate rejected the idea of a 10:00 AM count on Sunday and I assured him that there was a lights on, stand up count . Inmate Coutinho-Silva claimed that we were messing with him and Officer K. Hurst responded that there was no reason to mess with him. Inmate Coutinho-Silva then got agitated grabbed for something on top of his sink and threw its contents which was an unknown liquid substance on Senior Officer K. Hurst and myself as we were attempting to leave his cell C04-201L. While walking by Inmate Coutinho-Silva spit at the lexan door toward me and stated we are going to have fun in this bitch . Operation Lieutenant was notified."

The DHO considered a staff memorandum which corroborates section 11 of the incident report. The DHO considered photographs and medical assessments of both staff involved in the assault.

Based on the greater weight of evidence which includes the information outlined above, the staff Member s statement in section 11, the photographs, staff memorandums, the DHO finds you did commit the prohibited act of Code 224, Assault (minor).

VI. SANCTION OR ACTION TAKEN

224 - LP VISIT 30 DAYS, 224 - LP COMM 30 DAYS, 224 - DIS GCT 27 DAYS

VII. REASON FOR SANCTION OR ACTION TAKEN

The action/behavior on the part of any inmate to assault another inmate or staff, whether or not serious injury is inflicted, threatens the health, safety and welfare of not only the inmate involved, but that of all other inmates and staff. Inmates observing the assault may become involved thus creating a larger disturbance for staff to control. Assaults make it difficult to provide security for all concerned. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The sanction of disallowance of Good Conduct Time (DGCT) was imposed to emphasize the seriousness of the offense and to enforce the standard that inmates be held accountable for their actions as well as to comply with mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

The sanctions for loss of commissary, visiting, privileges were imposed to enforce the standard that inmates be held accountable for their actions but were as the DHO believes the sanctions will provide sufficient deterrence of future misconduct.



26

BP-A0304 **DISCIPLINE HEARING OFFICER REPORT**

**Dept. of Justice / Federal Bureau of Prisons**

VIII. APPEAL RIGHTS: X The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer LT, Lieutenant Pinard

| Printed Name | Signature | Date |
|---|---|---|
| **PINARD** | **PINARD** | **01-10-2021** |

DHO Report Delivered to Inmate by:

| **S. VINEYARD** | **S. VINEYARD** | **02-01-2021 14:00** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

69

COP-OUT 2/25/21
DATE

TO: Psychology Snyder

From: Castinho Silva # 66654-066

Can you send me A copy of the statement I Give you 2/12/21. About officer Espinoza. Sexually Abusive me.

Thank you

They said
You will need to request this specific record through FOIA.
Freedom of Information Act / Privacy Act
Office of General Counsel, Room 936
Federal Bureau of Prisons
320 First Street NW
Washington DC 20534

# Dr. Rudolph, Chief 2/26/21

"REQUEST TO STAFF" 4/20/2022

To: complex warden

From: coutinho SILVA# 64654-066

I filed A AdministRATive Remedy BP-09 AGAINST CO FRANCIA 3 months AGO. I haven't not Received Response of my Remdy. CAn you Get BACK with me ABOUT This Remedy BP-09 Remedy ID is: 1109662-R2.

Thank you

They Said Refuse

There is no response for this remedy, as it was rejected for untimeliness. Your allegations were investigated however; you will not be advised of the outcome.

A. Deaton / A Deaton
Admin Remedy Coordinator

STATEment for The U.D.C And D.H.O

on 7.21.2022 AT APProximaTely 11:20Pm online officer Kevin medRano WAS Conducting An iRRegulAR Round in CHARlie unit douRing The Round officer Kevin medRAno STOP in fRonT my cell dooR B-402 I WAS TAke Pi. ER And he flASh The flASh lighT on my CAke. PinaT oR dick And I look BACK To see WAT he doing And he look AT me And move hes head uP And down LAke ASK me To leT him look on my CAke dick Then I START To STATe him ouT. And he donT LAke And he wRITe me uP.

CouTinho SILVA #64654-066

incident RePoRT number: 3654100

CERTIFICATE OF SERVICE

I hereby certify that copy of the Applicant Reply to the Despondent Response in opposition to Applicant for writ of habeas corpus (ECF no 22) WAS sent to mathew T. Kirsch, Acting united States Attorney AT the U.S Attorney office via first class U.S Postage mail By ADX mail Room On 12-26-2024.

Signature: Anderson

Anderson Jose Coutinho-Silva #64654-066
FLORENCE ADMAX
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

LEGAL MAIL
12/26/2024

FOREVER / USA FOREVER / USA FOREVER / USA

Denver, CO P&DC 802
WED 01 JAN 2025 AM

Judge. NinA Y. WAng
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901-19TH ST., ROOM A105
DENVER, CO 80294-3589

OFFICIAL BUSINESS

FEDERAL PRISON CAMP
P.O. BOX [illegible]
FLORENCE, COLORADO 81226

DATE: ____________

DEC 27 2024

SPECIAL/LEGAL MAIL

The enclosed letter was processed ... special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

